IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHLEEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-617-SLR |
| | ) Del. Ch. C.A. No. 2170-MA |
| BENJAMIN WILTBANK, II and | ) |
| YVONNE WILTBANK, husband and | ) |
| wife, CLAUDIA WILTBANK-JOHNSON, | ) |
| HOMEOWNERS LOAN CORP., a | ) |
| Delaware corporation, and | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., a | ) |
| Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 15th day of September, 2011, having reviewed the case removed from the Court of Chancery of the State of Delaware in and for Sussex County;

IT IS ORDERED that the case is summarily remanded to the Court of Chancery of the State of Delaware in and for Sussex County, for the reasons that follow:

1. **Background**. Defendant Claudia Wiltbank-Johnson (Wiltbank-Johnson) proceeds pro se and has been granted leave to proceed in forma pauperis. On July 12, 2011, Wiltbank-Johnson filed a Notice of Removal. (D.I. 2) The court was provided with the first page of a pleading in the case of *Brown v. Wiltbank*, Civ. No. 2170-MA (Del. Ch.). However, no other copies of process, pleadings, or orders from the state civil proceeding were provided. Wiltbank-Johnson invokes 28 U.S.C. § 1443(1) as grounds for removal by reason of racial discrimination.

2. The court takes judicial notice that on May 19, 2006, Kathleen Brown ("Brown") filed a complaint for declaratory judgment, quiet title to real estate, and partition for the sale of real property that was the residence of the late Arlington J. Wiltbank, Sr., the father of Brown, Wiltbank-Johnson, and Benjamin Wiltbank, II ("Wiltbank") in the Court of Chancery of the State of Delaware in and for Sussex County. *See Brown v. Wiltbank*, Civ. No. 2170-MA, 2010 WL 892069 (Del. Ch. Feb. 22, 2010) *Brown v. Wiltbank* was tried on April 8, 2009, with the court ruling against Wiltbank-Johnson on the narrow issue of whether her deceased father had promised her a life estate in the property at issue in exchange for caring for her father for the rest of his life. The court found that Wiltbank-Johnson had not demonstrated by clear and convincing evidence the existence of an oral contract and, therefore, she was not entitled to a life estate in the property at issue. Nor did she have valid grounds for objecting to the partition sale of the property. *Id.*

3. **Removal.** In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

4. **Discussion.** "[A] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." See 28 U.S.C. § 1446(b). The notice of removal at bar is not timely, having been filed on July 12, 2011, some two years after the matter was tried and well after the thirty-day time requirement as set forth by 28 U.S.C. § 1446(b).

5. In addition, Wiltbank-Johnson failed to comply with the requisites for removal. She did not provide for the court's review any copies of process, pleadings, or orders from the state proceedings. See 28 U.S.C. § 1446(a). Nor does it appear that Wiltbank-Johnson gave the other parties notice of the removal.

6. **Conclusion.** Wiltbank-Johnson's failure to timely file the notice of removal following service of the initial pleading and to comply with the requisites for removal renders the removal procedurally defective. For these reasons, the court summarily remands the case to the Court of Chancery of the State of Delaware in and for Sussex County. The Clerk of Court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE