IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHLEEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-617-SLR |
| | ) Del. Ch. C.A. No. 2170-MA |
| BENJAMIN WILTBANK, II and | ) |
| YVONNE WILTBANK, husband and | ) |
| wife, CLAUDIA WILTBANK-JOHNSON, | ) |
| HOMEOWNERS LOAN CORP., a | ) |
| Delaware corporation, and | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., a | ) |
| Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 26th day of January, 2012, having reviewed the case removed from the Court of Chancery of the State of Delaware in and for Sussex County;

IT IS ORDERED that the case is summarily remanded to the Court of Chancery of the State of Delaware in and for Sussex County, for the reasons that follow:

1. **Background.** Defendant Claudia Wiltbank-Johnson (Wiltbank-Johnson) proceeds pro se and has been granted leave to proceed in forma pauperis. On July 12, 2011, Wiltbank-Johnson filed a notice of removal. (D.I. 2) The court was provided with the first page of a pleading in the case of *Brown v. Wiltbank*, Civ. No. 2170-MA (Del. Ch.). However, no other copies of process, pleadings, or orders from the State civil proceeding were provided. Wiltbank-Johnson invoked 28 U.S.C. § 1443(1) as grounds for removal by reason of discrimination.

2. The court takes judicial notice that on May 19, 2006, Kathleen Brown ("Brown") filed a complaint for declaratory judgment, quiet title to real estate, and partition for the sale of real property that was the residence of the late Arlington J. Wiltbank, Sr., the father of Brown, Wiltbank-Johnson, and Benjamin Wiltbank, II ("Wiltbank"), in the Court of Chancery of the State of Delaware in and for Sussex County ("Court of Chancery"). *See Brown v. Wiltbank*, 2010 WL 892069 (Del. Ch. Feb. 22, 2010). *Brown v. Wiltbank* was tried on April 8, 2009, with the court ruling against Wiltbank-Johnson on the narrow issue of whether her deceased father had promised her a life estate in the property at issue in exchange for caring for him for the rest of his life. The court found that Wiltbank-Johnson had not demonstrated, by clear and convincing evidence, the existence of an oral contract and, therefore, she was not entitled to a life estate in the property at issue. Nor did she have valid grounds for objecting to the partition sale of the property. *Id.*

3. Wiltbank-Johnson filed the instant notice of removal on July 12, 2011, and on September 15, 2011, the court summarily remanded the matter to State court on the grounds that the notice of removal was untimely, having been filed some two years after the matter was tried pursuant to 28 U.S.C. § 1446(b). (D.I. 2, 5) The court further noted that Wiltbank-Johnson failed to comply with the requisites for removal as required by 28 U.S.C. § 1446(a).

4. In the meantime, unbeknownst to the court, Wiltbank-Johnson had filed an exception to the Court of Chancery's finding and the matter underwent a de novo review. *Brown v. Wiltbank*, 2011 WL 5027057 (Del. Ch. Oct. 13, 2011). On October 13, 2011, the Court of Chancery found that Wiltbank-Johnson had not satisfied her

2

burden of proof and ruled that the partition of property could proceed. *Id.* Wiltbank-Johnson appealed to the Delaware Supreme Court. *Johnson v. Brown*, 2011 WL 6016237 (Del. Dec. 2, 2011).

5. On October 11, 2011, two days prior to the Court of Chancery's ruling, Wiltbank-Johnson filed a motion for reconsideration of this court's memorandum order that had summarily remanded the case to State court. (D.I. 7) The court denied the motion for reconsideration on October 25, 2011, and Wiltbank-Johnson filed a notice of appeal on November 2, 2011. (D.I. 8, 9)

6. As mentioned above, Wiltbank-Johnson appealed the Court of Chancery's ruling and, on December 2, 2011, the Delaware Supreme Court dismissed the appeal on the basis that the matter was not appealable until the Court of Chancery entered its final order. *Id.*

7. On December 22, 2011, the United States Court of Appeals for the Third Circuit ruled this court improperly sua sponte remanded the matter to State court and summarily vacated this court's September 15, 2011 and October 25, 2011 orders. (D.I. 5, 8, 11) The appellate court's order states, however, that this court is not precluded from considering whether it has subject matter jurisdiction over the cause of action. (D.I. 11)

8. **Removal**. In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v.*

*Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

9. **Discussion**. The underlying State case is a complaint for declaratory judgment, quiet title to real estate, and partition for the sale of real property. Certainly, no federal civil rights are implicated by the underlying State case and, therefore, this court lacks subject matter jurisdiction by reason of the State case.

10. Removal of matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a civil or criminal prosecution commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending if the defendant is a "person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. 1443(1). A State court defendant who seeks removal under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. §

1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

11. Wiltbank-Johnson refers generally to discrimination and a racist court in her notice of removal.[1] (D.I. 2) Moreover, she has failed to allege how she cannot enforce her asserted rights in State court. *See Rachel*, 384 U.S. at 788; *New Jersey v. Thomas*, 344 F. App'x 727 (3d Cir. 2009). "Under 1443(1), 'the vindication of the defendant's federal rights is left to the State courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the State court.'" *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). "It is not enough to show . . . that the defendant is unable to obtain a fair trial in a particular State court." *Davis*, 107 F.3d at 1048.

12. Wiltbank-Johnson does not point to any Delaware law that might preclude her from enforcing federal rights. She does not assert that this is an unusual case wherein Delaware laws will operate to deny her federal rights. Instead, the notice of removal refers to, in the most conclusory manner, discrimination and a racist court. Notably, Wiltbank-Johnson has exercised her right of appeal in the State courts on numerous occasions, albeit unsuccessfully. It is generally presumed that "the

---

[1] The notice of removal provides no facts upon which to find that the State court is racist. It seems that Wiltbank-Johnson makes this claim based solely upon the fact that the State court ruled against her and in favor of another family member.

protection of federal constitutional or statutory rights [can] be effected in the pending State proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20. For the above reasons, the court finds that Wiltbank-Johnson has failed to satisfy the two-part test to show that removal is appropriate pursuant to 28 U.S.C. § 1443(1). In addition, as discussed above, this court lacks subject matter jurisdiction over the underlying State case.

13. **Conclusion**. For the reasons stated above, the court concludes that removal is not appropriate under 28 U.S.C. § 1443(1) and that it lacks subject matter jurisdiction over the State action. For these reasons, the court summarily remands the case to the Court of Chancery of the State of Delaware in and for Sussex County pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE